# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## 2:13cv26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $40,173.25 in U.S. CURRENCY, et al, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Consent Motion to Stay [# 19]. Claimant moves pursuant to 18 U.S.C. § 981(g)(2) to stay this civil forfeiture proceeding. The Court **GRANTS** the Motion to Stay [# 19].

**I.    Analysis**

Section 981(g)(2) provides that upon the filing of a motion by a claimant, the Court shall stay a civil forfeiture proceeding where: (1) the claimant is the subject of a related criminal case or investigation; (2); the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the forfeiture proceeding would burden the right of the claimant against self-incrimination in the related criminal case. 18 U.S.C. § 981(g)(2). The statute further defines what constitutes a related criminal case or related criminal investigation:

1

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009) (Keesler, Mag. J.).

Upon a review of the record in this case, the Courts finds that a related criminal case is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding. Moreover, Claimant has standing to assert a claim in these forfeiture proceedings. Finally, a stay of these proceedings is warranted pursuant to Section 981(g) because civil discovery, including the deposition of Claimant, will burden Claimant's right against self-incrimination in the related criminal case. See 18 U.S.C. § 981(g)(2). The Court, therefore, **GRANTS** the Motion to Stay [# 19] and **STAYS** these proceedings for 120 days. After the expiration of the 120 day period, the stay shall automatically dissolve unless the Government or Claimant can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

## II.     Conclusion

The Court **GRANTS** the Motion to Stay [# 19]. The Court **STAYS** these

2

proceedings for 120 days. After the expiration of 120 days, the stay shall automatically dissolve unless the Government or Claimant can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: March 19, 2014

Dennis L. Howell
United States Magistrate Judge