IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13cv26

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| $40,173.25 in U.S. Currency, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court are the Motion to Compel Response to Discovery [# 26], Motion for Extension of Time [# 27], and Motion to Dismiss [# 28]. The Government moves to compel Claimant to respond to discovery requests and for the Court to extend the dispositive motion deadline and the trial date. In the alternative to compelling Claimant to respond to discovery, the Government moves to dismiss Claimant's claim pursuant to Rule 37 of the Federal Rules of Civil Procedure as a sanction for failing to respond to discovery requests. In support of the three motions, the Government filed a single, cursory brief supporting each motion.

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; PCS Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006).

1

Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request or to compel a deposition prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); U.S. v. $28,720.00 in United States Currency, No. 1:13cv106, 2014 WL 1570925, at *1 (W.D.N.C. Apr. 17, 2014) (Howell, Mag. J.); Wellness Group, LLC v. King Bio, Inc., No. 1:12cv281, 2013 WL 5937722, at *1 (W.D.N.C. Nov. 4, 2013) (Howell, Mag. J.); Murphy v. Auto Advantage, Inc., 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (Howell, Mag. J.); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.).

Previously, the Court extended the discovery period until October 8, 2014. (Order, Sept. 29, 2014.) Dispositive motions were due October 24, 2014. (Id.) The Government filed its Motion to Compel on October 24, 2014, more than two weeks after the close of discovery. Counsel for the Government is well aware of the Court's deadline for filing discovery motions, as the Court denied as untimely a discovery motion in another forfeiture case in which he represented the Government. U.S. v. $28,720.00 in United States Currency, WL 1570925, at *1 ("The Government should and could have filed its discovery motion prior to the close of discovery. Having failed to do so, the Government's motion is

untimely."). Because the Government failed to file its Motion to Compel within the discovery period, the motion is untimely. Claimant need not respond to the discovery requests, and the Court **DENIES** the Motion to Compel [# 26]. As no further discovery will be forthcoming, no extension of time to review the discovery is needed. Accordingly, the Court **DENIES** the Motion for Extension of Time [#27]. Finally, the Court **DENIES as moot** the Motion to Dismiss the claims with prejudice pursuant to Rule 37 as a sanction for failing to comply with a discovery order [# 28].[1] The bench trial is set for January 12, 2015.

Signed: November 17, 2014

Dennis L. Howell
United States Magistrate Judge

---

1 The Court also notes that in contrast to the Government's assertion to the contrary, this Court did not order Claimant to respond to the discovery requests. Rather, the Court granted an extension of time to complete discovery until October 8, 2014. The Government could have moved to compel the responses at that time and obtained an order from the Court ordering claimant to respond, but neglected to do so.